UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RICHARD L. HOWARD | ) | |
| | ) | |
| v. | ) | 1:08-cv-293/1:07-cr-82 |
| | ) | *Mattice* |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**O R D E R**

Richard L. Howard ("Howard"), has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Crim. Court Doc. 35]. Presently before the Court is Howard's motion requesting the Court to take judicial notice of a Ninth Circuit case which he contends is relevant and germane to a claim presented in his § 2255 proceeding [Crim. Court Doc. 41]. Specifically, he requests the Court to apply the Ninth's Circuit's ruling that a prior Arizona aggravated assault offense did not qualify as a crime of violence, so as to warrant a 16-level increase in the base offense level of an illegal reentry defendant's sentencing guidelines under United States Sentencing Guidelines § 2L1.2 (b)(1)(A). *United States v. Esparza-Herrera*, 557 F.3d 1019 (9th Cir. 2009).[1]

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed.R.Evid. 201(b). "This rule governs only judicial notice of adjudicative facts." Fed.R.Evid. 201(a). Howard, however, is actually asking the Court to take Judicial Notice of the legal conclusion rendered by the Ninth Circuit; a conclusion that is subject to

---

[1] Howard is mistaken in his claim that the Ninth Circuit concluded an aggravated assault conviction under Arizona state law is not a crime of violence for purposes of the armed career criminal statute, 18 U.S.C. § 924(e)(1).

1

dispute as reflected by the Ninth Circuit's observation that the Fifth Circuit basically reached the opposite conclusion in a similar case. Moreover, the Ninth Circuit decision does not address the prior criminal record of an armed career defendant such as Howard, but rather, addresses the prior criminal record of a defendant who has illegally reentered the United States.

Howard is not simply asking the Court to take judicial notice of the Ninth Circuit case, a case outside the territorial jurisdiction of this Court, but rather, he is asking the Court to apply that case to his two aggravated assaults convictions found by a court in Arizona. This Court is bound by Sixth Circuit precedent and the decisions of the United States Supreme Court. *See generally, Barnett v.* Clark, 2008 WL 189856 (E.D. Tenn. Jan. 22, 2008) (discussing that court was bound by Sixth Circuit precedent), United *States v. Vann*, 199 Fed.Appx. 527, 529 (6th Cir. 2006), *available in* 2006 WL 2927417, *2 (general discussion that Sixth Circuit is bound by its precedents and Supreme Court decisions)

Accordingly, since Howard is not requesting the Court to take Judicial Notice of an adjudicative fact that is not subject to reasonable dispute, Rule 201 of the Federal Rules of Evidence is not applicable and the motion is **DENIED** [Crim. Court Doc. 41]. Nevertheless, even though the Court is not bound by the Ninth Circuit case which initially does not appear to be applicable to the resolution of Howard's § 2255 motion, the Court will consider the Ninth Circuit case when analyzing Howard's § 2255 motion.

SO ORDERED.

ENTER:

                                        */s/Harry S. Mattice, Jr.*
                                      HARRY S. MATTICE, JR.
                                 UNITED STATES DISTRICT JUDGE