UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| RICHARD L. HOWARD, | ) | | |
|---|---|---|---|
| Petitioner, | ) | | |
| v. | ) | Nos. | 1:07-CR-82-HSM-SKL-2 |
| | ) | | 1:16-CV-439-HSM-SKL |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 56]. Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 60], and both parties urge that the court grant immediate release [Docs. 56, 60]. For the reasons stated below, the successive § 2255 petition will be **GRANTED**; Petitioner's term of incarceration will be reduced to time served.

I.     BACKGROUND

In 2007, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g) [Doc. 21]. As part of his plea agreement, Petitioner stipulated that he was an armed career criminal under § 924(e) and thus subject to that provision's enhanced fifteen-year mandatory minimum sentence [Doc. 22 ¶ 1]. In turn, the United States agreed to dismiss the seven remaining counts in the indictment, including a violation of § 924(c) with a consecutive

statutory mandatory minimum sentence [*Id.* ¶ 1(c); Presentence Investigation Report (PSR) ¶ 92].

Based on Petitioner's prior Arizona convictions for escape, second-degree burglary, and two aggravated assaults, as well as a prior federal conviction for using and carrying a firearm during and in relation to a drug-trafficking crime, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the enhancement stipulated in his plea agreement [*Id.* ¶¶ 45–48]. This Court sentenced Petitioner to 200 months' imprisonment on January 15, 2008 [Doc. 31]. Petitioner did not file a direct appeal of his conviction or sentence.

On December 15, 2008, Petitioner filed a § 2255 motion seeking to vacate, set aside, or correct his sentence [Doc. 35]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered January 19, 2012 [Docs. 44, 45]. The Supreme Court issued the *Johnson* decision on June 26, 2015. The Sixth Circuit authorized this Court to consider the instant successive petition on October 27, 2016 [Docs. 54, 56]. The United States supports relief.

I.   STANDARD OF REVIEW AND ANALYSIS

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the

2

proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**II. ANALYSIS**

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). If the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In the *Johnson* decision, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Supreme Court did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under the *Johnson* decision, an ACCA sentence only raises due process concerns—and is invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the residual

3

clause.  *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *overturned on other grounds by Mathis v. United States*, 136 S. Ct. 2246, 2251 n.1 (2016), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding that the *Johnson* decision precluded armed career criminal designation where one of three predicate offenses, aggravated assault, failed to qualify under either the enumerated-offense or use-of-physical force clauses).

Here, three of the five convictions used to designate Petitioner an armed career criminal—the escape offense, the second-degree burglary offense, and the 1985 aggravated assault offense, no longer qualify as violent felonies after the *Johnson* decision because they neither have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), nor fall within one of the enumerated categories of violent felony listed in § 924(e)(2)(B)(ii). Because all three of the convictions only qualified as violent felonies by way of the now-defunct residual clause, none can be used to designate for purposes of ACCA designation.  As a result, Petitioner's 200 month term of imprisonment and five years' supervised release [Doc. 31] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 80 months' incarceration and two years' supervised release.  *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than

4

10 years."). The Court finds that Petitioner has demonstrated a clear entitlement to the requested collateral relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Here, the Court finds correction of sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## III. CONCLUSION

Petitioner has already served a term of incarceration equal to the ten-year custodial maximum applicable to him post-*Johnson*. As a result, his successive § 2255 motion [Doc. 56] will be **GRANTED** and term of imprisonment will be reduced to a "time served" sentence. The Order will take effect ten days from its entry in order to give the Bureau of Prisons time to process Petitioner's release. Further, the judgment dated January 10, 2008 [Doc. 31] will be **AMENDED** to reflect a three-year term of supervised release. The Clerk's Office will be **DIRECTED** to prepare an amended judgment in accordance herewith.

**ORDER ACCORDINGLY.**

    */s/ Harry S. Mattice, Jr.*_____
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE